**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**EDDIE D. JONES,**

   **Movant,**

**v.**                              **Case No. 3:13-cv-24159**
                              **Criminal Case No. 3:09-cr-00196**

**UNITED STATES OF AMERICA,**

   **Respondent.**


## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 106), and his Motion for Default Judgment, (ECF No. 118).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Movant clearly is not entitled to relief under 28 U.S.C. § 2255; therefore, the undersigned finds that Movant is not entitled to an evidentiary hearing and respectfully recommends that his Motion for Default Judgment be **DENIED**, his § 2255 Motion be **DENIED**, and this matter be **DISMISSED** from the docket of the Court.

---

[1] The docket entries referenced throughout this PF & R are taken from proceedings of record in Jones's criminal case and cite to Case No. 3:09-cr-00196.

## I.    **Factual and Procedural Background**

On August 26, 2009, Movant Eddie D. Jones ("Jones") was indicted by a federal grand jury on one count of conspiracy to distribute 100 grams or more of heroin, a violation of 21 U.S.C. § 846. (ECF No. 1). CJA Attorney John H. Tinney, Jr. was appointed to represent Jones on the charge. (ECF No. 9). On February 3, 2010, the District Court granted the United States' motion to schedule a guilty plea hearing. (ECF No. 26). On February 8, 2010, the plea hearing was held. Although Jones had signed a guilty plea agreement prior to the hearing, he indicated that he no longer wished to plead guilty at the hearing. (ECF No. 27; ECF No. 50 at 2-4). Before the hearing concluded, Jones requested that Mr. Tinney no longer represent him and that new counsel be appointed. (ECF No. 28; ECF No. 50 at 4-6). The Court granted Jones's request, and CJA Attorney Troy N. Giatras was appointed to represent Jones. (ECF No. 28; ECF No. 29).

On May 3, 2010, the United States filed an information pursuant to 21 U.S.C. § 851(a)(1) alleging that Jones was convicted in July 1987 for the manufacture or delivery of a controlled substance, less than fifty grams, in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv).[2] (ECF No. 62 at 1). In that information, the United States indicated that it would seek the imposition of enhanced penalties pursuant to 21 U.S.C. § 841(b) based on Jones's prior conviction. (ECF No. 62 at 1).

On May 5, 2010, Jones appeared with his counsel for a scheduled jury trial. Prior to *voir dire*, Jones informed the Court that he wished to proceed *pro se* and waive his right to a jury trial. (ECF No. 69; ECF No. 80 at 49-50, 53, 76). Consequently, the Court

---

[2] The controlled substance at issue was heroin. (ECF No. 83 at 10). Jones was also convicted of felony escape and flight after he walked away from a corrections center while serving his sentence for the July 1987 conviction. (*Id.* at 11).

appointed Mr. Giatras as stand-by counsel and conducted a bench trial.[3] (ECF No. 73; ECF No. 80 at 76). At the conclusion of the bench trial that same day, the Court found Jones guilty of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. (ECF No. 76 at 1; ECF No. 80 at 302-03, 306; ECF No. 84 at 1).

Jones's sentencing hearing was held on August 16, 2010, where he was represented by Mr. Giatras. (ECF No. 84; ECF No. 97). At that hearing, Jones admitted that he was previously convicted of a felony drug offense in Michigan, and he conceded that he had no reason to challenge the validity of that conviction. (ECF No. 97 at 6-7, 9). Accordingly, the Court found that the enhanced penalty range provided in 21 U.S.C. § 841 applied to Jones. (*Id.* at 9). Jones also conceded that he was convicted for escape. (*Id.* at 17). After determining that the Sentencing Guidelines range for Jones was 188 to 235 months' imprisonment, the Court sentenced Jones to 188 months' imprisonment and eight years of supervised release. (ECF No. 84 at 2-3; ECF No. 97 at 25, 29-30).

On appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), Jones, through Mr. Giatras as counsel, raised six issues: (1) "the district court erred in allowing the government to use the stipulation of facts from a withdrawn plea agreement in its case-in-chief;" (2) "the district court erred by not presenting [Jones] with the option to be tried by a jury of his peers;" (3) "the government failed to disclose potentially exculpatory witnesses and evidence to him in a timely manner;" (4) there was insufficient evidence supporting Jones's conviction; (5) the district court erred in sentencing by increasing his offense level for possession of a dangerous weapon,

---

[3] Before the United States began to present its case-in-chief, Jones insisted that he was a Moor from the Moors Empire and continuously interrupted the Court to raise a hodgepodge of "sovereign citizen" type arguments, including challenges to the Court's jurisdiction over him, Mr. Giatras's law licensure, and the Court's adherence to the terms of the Uniform Commercial Code and various international treaties. (ECF No. 80 at 7-8, 22-24, 40, 49-50, 68).

increasing his sentencing range through the use of his prior drug offense conviction, and refusing to decrease his sentence; and (6) the district court erred in presiding at Jones's sentencing hearing, "even though Jones had filed a U.C.C. action against the district court judge." *United States v. Jones*, 469 F. App'x 175, 178-85 (4th Cir. 2012). Finding all six contentions to be without merit, the Fourth Circuit affirmed Jones's conviction and sentence on March 14, 2012. *Id.* at 185. On October 1, 2012, the United States Supreme Court denied Jones's petition for a writ of certiorari. *Jones v. United States*, ____ U.S. ____, 133 S.Ct. 341, 184 L.Ed.2d 203 (2012).

On October 1, 2013, Jones filed the instant motion pursuant to 28 U.S.C. § 2255, alleging the following four fairly unintelligible grounds for relief:

> 1. 21 U.S.C. 851 *et seq.*, divested Federal Court of Subject Matter Jurisdiction to enforce consummated "Sovereign State Court Final Judgment Contract cases on their merits" as criminal Recidivist acts to enhance Movant's current conviction and sentence beyond that averred in the indictment, Movant is being held in violation of the Due Process, and Equal Protection Clauses of the United States Constitution, Laws and Treaties enacted thereunder, and parallel provisions of the Michigan Constitution, laws and treaties enacted thereunder.
>
> 2. Federal District Court Lacked Subject Matter Jurisdiction to enter any criminal judgment on "CIVIL FEDERAL ADVISORY GUIDELINES" lacking any sceinter, or mens rea element, and are therefore (non) indictable criminal acts to enter any enhanced conviction, or sentence, Movant is being held in violation of the Due Process and Equal Protection Clauses of the United Constitution, Laws and Treaties enacted thereunder, and parallel provisions of the Michigan Constitution, laws and treaties enacted thereunder.
>
> 3. 28 U.S.C. § 1257 *et seq.*; 28 U.S.C. § 1738, *et seq.*: Divests Federal District Courts' Extraterritorial Subject Matter Jurisdiction under "Civil Federal Advisory Guideline Acts;" Appellate Jurisdiction, are Unlawful Bills of Attainders, Ex Post Facto Laws, promulgated in violation of United States Constitution Article I, § 9, Cl.3, Article I, § 10, Cl.1; Article IV, §1, §2, §3, §4, Laws and Treaties enacted thereunder, Movant is being held thereunder in violation.
>
> 4. Movant's Trial and Appellate Counsel was not acting as an Advocate for

4

the defense for not arguing "Civil Federal Advisory Guidelines" were Unlawful Bills of Attainder, Ex Post Fact Laws, in violation of Article I, §9, Cl.3.

(ECF No. 106 at 4-10) (*sic* throughout).[4] On October 22, 2013, the undersigned ordered the United States to answer Jones's § 2255 motion within forty-five days of the order's date. (ECF No. 111 at 1). On November 14, 2013, the United States requested an extension of time to file its answer. (ECF No. 114). That same day, the undersigned ordered the United States to file its answer on or before December 16, 2013. (ECF No. 115). The following day, after realizing that the United States' motion actually sought a continuance to January 6, 2014, the undersigned extended the Government's deadline to answer to January 6, 2014. (ECF No. 116).

On January 3, 2014, the United States filed its response to Jones's § 2255 motion, contending that Jones's claims are without merit and that relief should be denied. (ECF No. 117 at 1). First, the United States argues that Jones has failed to establish that he received ineffective assistance of counsel at the trial stage of the proceedings. (*Id.* at 5). The United States points out that Jones insisted on a *pro se* defense at trial; therefore, he was lead "counsel," and had only stand-by representation. (*Id.*) To the extent that Jones's claims of ineffective assistance of counsel relate to his sentencing or appeal, the United States concedes that Jones was represented by counsel at those stages; however, the United States argues that Jones cannot show ineffective assistance of counsel as long as his claims rest solely on counsel's failure to raise frivolous arguments. (*Id.* at 7). Moreover, the United States insists that Jones has failed to establish any prejudice resulting from his counsel's alleged errors. (*Id.* at 8). Second, the United States avers that Jones has failed to demonstrate cause and prejudice excusing his failure to raise his

---

[4] In liberally construing Jones's *pro se* § 2255 motion, the undersigned uses the "Supporting facts" section of the motion to decipher the gist of Jones's claims.

due process and equal protection claims on direct appeal. (*Id.* at 8-9). Third, insofar as Jones claims that the United States failed to comply with 21 U.S.C. § 851, the United States maintains that it filed the necessary information prior to trial resulting in enhanced sentencing penalties. (*Id.* at 9). Fourth, the United States contends that Jones's reliance on 28 U.S.C. §§ 1257 and 1738 is misplaced. (*Id.* at 10). Finally, the United States argues that Jones's assertion that the "Civil Federal Advisory Guidelines" are unlawful bills of attainder and *ex post facto* laws is without merit. (*Id.*)

On January 30, 2014, Jones filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55. (ECF No. 118). In that motion, Jones asserts that the United States failed to timely answer his § 2255 motion. (*Id.* at 1). Although provided the opportunity to file a reply to the merits of the United States' response, as of the date of this opinion, Jones has not done so. (ECF No. 111 at 1).

## II.    **<u>Standard of Review</u>**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings, the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then

order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, and 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   <u>Analysis</u>

### A. Jones's Motion for Default Judgment

At the outset, the undersigned addressed Jones's motion for default judgment. (ECF No. 118). Jones asserts that the United States failed to answer his § 2255 motion within the time allotted by the Court. (*Id.* at 1). While the United States was initially ordered to answer Jones's § 2255 motion by December 16, 2013, (ECF No. 115), the undersigned subsequently entered an order allowing the United States until January 6, 2014 to file its answer, (ECF No. 116). The United States filed its response to the § 2255 motion on January 3, 2014, three days before the deadline. (ECF No. 117). As such, Jones's contention that the United States' response was untimely is without merit, and the undersigned **RECOMMENDS** that Jones's Motion for Default Judgment be **DENIED**.[5]

---

[5] Furthermore, default judgments are generally inappropriate in § 2255 cases. *See, e.g., United States v. Manriques*, No. 1:13CV444, 2013 WL 5592191, at *2 (M.D.N.C. Oct. 10, 2013). In addition, Federal Rule of Civil Procedure 55(d) states that "[a] default judgment may be entered against the United States ... only if the claimant establishes a claim or right to relief by evidence that satisfies the court." As discussed in detail below, Jones cannot meet this standard.

**B. Jones's § 2255 Motion**

In his first ground for relief, Jones raises two points of error. First, Jones seemingly argues that any prior convictions used for sentence enhancement purposes must be alleged in the indictment. (ECF No. 106 at 4). Second, Jones claims that the United States failed to follow the requirements of 21 U.S.C. § 851 because no information with respect to his prior conviction and its effect on his sentence was ever filed. Consequently, Jones insists that he was not aware of "what to expect upon his conviction" and that he was deprived of an opportunity to challenge the validity of his prior conviction. (*Id.*)

There is no requirement that prior convictions which may be used to enhance a criminal penalty be included in an indictment. *See, e.g.*, *United States v. Rudolph*, 561 F. App'x 291, 292 (4th Cir. 2014) (collecting cases); *United States v. Cheek*, 415 F.3d 349, 352 (4th Cir. 2005). Furthermore, as the United States points out, an information pursuant to 21 U.S.C. § 851 was filed in this case on May 3, 2010, two days before trial. (ECF No. 62). That statute provides, in part, that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Here, the information filed by the United States notified Jones that enhanced penalties under 21 U.S.C. § 841(b) would be sought based on Jones's 1987 felony drug offense conviction. (ECF No. 62 at 1). Accordingly, prior to trial, Jones was made fully aware of the United States' intention to seek enhanced penalties based on his prior conviction. To the extent that Jones claims

he was provided no opportunity to challenge the validity of the 1987 conviction, the record belies his assertion. At the sentencing hearing, the Court specifically questioned Jones about the 1987 conviction. After acknowledging that he was in fact convicted of a felony drug offense in 1987, Jones stated that he had no basis to challenge the validity of that conviction. (ECF No. 97 at 5-7, 9). Furthermore, Jones offers no reason for questioning the validity of the 1987 conviction in his petition; he merely argues that he was not provided the opportunity to do so.[6] Given that the United States complied with the requirements of 21 U.S.C. § 851, and that Jones offered no reason at the sentencing hearing to question the validity of the conviction contained in the § 851 information, the undersigned **FINDS** that Jones's first ground for relief is baseless.[7]

In his second ground for relief, Jones's arguments are far from clear. Jones appears to contend that the Court lacked subject matter jurisdiction to impose a criminal sentence using the United States Sentencing Guidelines as an advisory tool. (ECF No. 106 at 5-6). In addition, Jones apparently asserts that the Sentencing Guidelines contain no scienter[8] or mens rea requirements, and thus, they could not be used to determine his sentence. (*Id.* at 5). Finally, Jones again argues that he was not

---

[6] In addition, it is likely that the statute of limitations contained in 21 U.S.C. § 851(e) would have barred any challenge to the validity of the 1987 conviction because the conviction that Jones challenges "occurred more than five years before the government submitted its § 851 information in this case." *United States v. Mason*, 628 F.3d 123, 133 (4th Cir. 2010); *see also* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.").

[7] On appeal to the Fourth Circuit, Jones argued that the district court erred by increasing his sentencing range through the use of his prior drug offense conviction. *Jones*, 469 F. App'x at 183. The Fourth Circuit held that the district court properly considered Jones's 1987 conviction given that his sentence of imprisonment for the conviction exceeded one year and one month, and he was imprisoned until August 1995 for that conviction. *Id.* at 183-84.

[8] Scienter is "[a] degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission; the fact of an act's having been done knowingly, esp. as a ground for civil damages or criminal punishment." *Scienter*, Black's Law Dictionary (9th ed. 2009).

9

provided an opportunity to challenge the validity of his prior convictions and that his prior convictions were invalidated by "intervening legislation." (*Id.* at 6). Other than listing a plethora of clauses from the United States Constitution without explaining how they apply to his position, Jones provides no authority for his arguments.

The undersigned recognizes that the Court clearly had subject matter jurisdiction over Jones's criminal case. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Furthermore, the Court's use of the Sentencing Guidelines did not divest it of jurisdiction. As for any argument related to scienter or mens rea, sentencing factors "are not normally required to carry their own mens rea" or scienter requirements.[9] *United States v. Lavender*, 224 F.3d 939, 941 (9th Cir. 2000); *see also United States v. Smith*, 34 F. App'x 903, 903 (4th Cir. 2002) (declining to "read a scienter requirement" into certain Sentencing Guideline provisions); *United States v. Lam Kwong-Wah*, 924 F.2d 298, 304 (D.C. Cir. 1991) (noting that "scienter is not required as a general matter" under Sentencing Guidelines after November 1989). Furthermore, Jones has not identified any specific sentencing factor that he believes was applied in his case requiring proof of scienter or mens rea. Finally, to the extent that Jones argues that he was not afforded an opportunity to challenge the validity of his prior convictions, as mentioned above, his contention is clearly untrue. (ECF No. 97 at 5-7, 9). Insofar as Jones now claims that "intervening legislation" made his prior state

---

[9] Assuming that Jones claims scienter or mens rea were not established for the conspiracy conviction under 21 U.S.C. § 846, that argument obviously fails as well. There was sufficient evidence adduced at trial that Jones was knowingly and intentionally involved in a conspiracy to distribute heroin. *See* (ECF No. 80 at 303-06) (Court summarizing evidence at trial); *United States v. Abdulle*, 564 F.3d 119, 126 (2d Cir. 2009) ("[W]here an indictment charges a defendant with conspiracy to distribute and possess with intent to distribute [a controlled substance] ... the mens rea requirement for conspiracy is satisfied simply if the government shows that the defendant intended to distribute and possess with the intent to distribute any controlled substance.").

convictions invalid, the undersigned observes that manufacturing, delivering, or possessing heroin, and escaping from state prison are still crimes under Michigan law. *See* Mich. Comp. Laws §§§ 333.7401 (manufacturing, creating, delivering, or possessing controlled substance); 333.7212 (defining heroin as schedule I controlled substance); 750.193(felony escape). For these reasons, the undersigned **FINDS** that Jones's second ground for relief is meritless.

In his third ground for relief, Jones claims that the "Civil Federal Advisory Guideline Acts," which the undersigned interprets to mean the Sentencing Guidelines, are an unlawful bill of attainder[10] and *ex post facto* law. (ECF No. 106 at 7). Moreover, Jones insists that the use of prior state court convictions to enhance a federal court sentence constitutes the re-opening of state court criminal proceedings for those prior convictions, which, according to Jones, violates 28 U.S.C. § 1257 and 28 U.S.C. § 1738. (ECF No. 106 at 7-8).[11]

Beginning with Jones's position that the Sentencing Guidelines constitute an unlawful bill of attainder, his argument lacks merit. "The vice of a bill of attainder is that

---

[10] "A Bill of Attainder is a legislative determination of guilt which metes out punishment to named individuals." *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997); *see also Bill of Attainder*, Black's Law Dictionary (9th ed. 2009) ("1. Archaic. A special legislative act that imposes a death sentence on a person without a trial. 2. A special legislative act prescribing punishment, without a trial, for a specific person or group.").

[11] In addition, Jones essentially sets forth a policy argument against the "war on drugs," asserting that poor African Americans are being systematically imprisoned for substantial periods of time after committing non-violent drug offenses and that there is no legitimate governmental purpose underlying this policy. (ECF No. 106 at 7-8). The only resemblance of any constitutional claim in this argument is Jones's insistence that these drug convictions and sentences violate the Due Process and Equal Protection Clauses. (*Id.* at 8). While Jones's position that the "war on drugs" disproportionately and unjustly affects minorities may garner agreement from some on the federal bench, *see, e.g.*, *United States v. Gregg*, 435 F. App'x 209, 218-22 (4th Cir. 2011) (Davis, J., concurring), his broad claim of due process and equal protection violations is insufficient to warrant relief. *Cf. United States v. McClellon*, 578 F.3d 846, 861 (8th Cir. 2009) (rejecting argument that imposition of mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b) and 851 violated rights to due process and equal protection where defendant asserted that those statutes, specifically crack-cocaine penalties contained therein, disproportionately impacted minorities); *United States v. Doney*, 190 F. App'x 532, 534 (9th Cir. 2006) ("Congress can choose to treat drug crimes as seriously as violent crimes.").

it impermissibly singles out a person or class of persons for punishment without judicial determination of guilt." *United States v. Edwards*, 98 F.3d 1364, 1368 (D.C. Cir. 1996). The Sentencing Guidelines do not single out a particular person or group for increased penalties, but rather apply to all defendants in federal criminal proceedings, with particular provisions of the Guidelines applying based on the circumstances specific to each case. The Fourth Circuit has rejected an identical bill of attainder challenge to the Guidelines for this reason. *United States v. Dorlouis*, 107 F.3d 248, 256-57 (4th Cir. 1997); *see also United States v. Frazier*, 89 F.3d 1501, 1503 n.1 (11th Cir. 1996) (summarily rejecting same argument); *United States v. Pummell*, 50 F.3d 11, 1995 WL 116246, at *1 (6th Cir. Mar. 17, 1995) (unpublished table decision) (rejecting same position and noting that Sentencing Guidelines "do not legislatively determine guilt, nor do they permit the imposition of punishment without the protection of a trial"); *Gadd v. United States*, No. 1:07-0311, 2009 WL 261385, at *2 n.2 (S.D.W.Va. Feb. 4, 2009) (recognizing that the Fourth Circuit has determined Sentencing Guidelines are not a bill of attainder). Moreover, post-*United States v. Booker*,[12] the Sentencing Guidelines are merely advisory, and therefore, any penalty prescribed by the Guidelines is non-binding on the sentencing court. *See United States v. Lowe*, No. 08-cv-318-bbc, 2008 WL 2512911, at *5 (W.D. Wis. June 20, 2008) (rebuffing argument that Guidelines were a bill of attainder because Guidelines are only advisory). As such, the undersigned **FINDS** that Jones's bill of attainder challenge to the Guidelines fails.

Jones's contention that the Sentencing Guidelines *generally* constitute an *ex post facto* law is similarly unsupportable. The Constitution prohibits the federal government from enacting any *ex post facto* law. U.S. Const. art. I, § 9, cl. 3. "To fall within the *ex*

---

[12] 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

*post facto* prohibition, a law must be retrospective-that is, it must apply to events occurring before its enactment-and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (citations and markings omitted). In other words, a law violates the *Ex Post Facto* Clause when: (1) the law punishes as a crime an act previously committed, which was innocent when done; (2) makes "more burdensome the punishment for a crime after its commission"; or (3) deprives the accused of "any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). An *ex post facto* issue may arise where "a defendant is sentenced under current Guidelines providing a higher sentencing range than the Guidelines in effect at the time of the offense." *United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (citing *United States v. Peugh*, ____ U.S. ____, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013)). However, Jones only generally challenges the Guidelines as an *ex post facto* law, and he has not demonstrated that he was sentenced under Guidelines prescribing a higher sentencing range than the Guidelines in effect at the time that he committed the offense. Having independently compared the 2007 Guidelines, which were in effect at the time that the indictment alleged Jones's criminal conduct began, and the 2009 Guidelines, which were in effect at the time of Jones's sentencing, the undersigned **FINDS** that no *ex post facto* issue is present. The base offense level for the quantity of heroin attributable to Jones, (§ 2D1.1(c)(5)), the point increases for possessing a dangerous weapon and maintaining a leadership role, (§ 2D1.1(b)(1) and § 3B1.1(c)), Jones's criminal history score (six points or category III pursuant to § 4A1.1(a)), and the Guideline range for a

base offense level of thirty-four and criminal history category of III, (ch. 5, pt. A), are all the same under either version of the Guidelines. As such, Jones's *ex post facto* claim fails.

Jones's argument pursuant to 28 U.S.C. § 1257 and 28 U.S.C. § 1738 fares no better. Title 28 U.S.C. § 1257 permits the United States Supreme Court to review certain decisions "rendered by the highest court of a State" that touch on federal law, and 28 U.S.C. § 1738 states that records of state court judicial proceedings "shall have the same full faith and credit in every court within the United States." Neither of these statutes is helpful or relevant to Jones's challenge to his conviction and sentence. Jones basically claims that these two statutes preclude the Court from using his past state court convictions to enhance his federal sentence since considering the previous state court convictions requires the Court to re-open those prior convictions (which he believes only the Supreme Court may do as they are state court convictions) and allows the Court to impose new punishment based on those convictions. However, Jones fundamentally misunderstands how prior convictions are used to enhance sentences for new convictions. A state court judgment is not re-opened or altered when a federal court uses that prior judgment to enhance a penalty for a federal conviction. Although a defendant's federal sentence may be affected by a state court conviction, the defendant is only punished for the federal crime, not again for the prior state crime. *United States v. Estrada-Delgado*, 375 F. App'x 737, 738 (9th Cir. 2010); *see also United States v. Pruitt*, 156 F.3d 638, 645-46 (6th Cir. 1998) (rejecting argument that sentence enhancement pursuant to § 841(b) for prior drug offense conviction violated Double Jeopardy Clause). Indeed, the Supreme Court observed that "[e]nhancement statutes, whether in the nature of criminal history provisions such as those contained in the

14

Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Accordingly, the undersigned **FINDS** that Jones's claim that the Court improperly re-opened and again punished him for his state court convictions is unfounded.

In his final ground for relief, Jones asserts that his trial and appellate counsel (Mr. Giatras) was ineffective when he failed to raise the following issues: (1) the United States and the Court did not comply with the requirements of 21 U.S.C. § 851; (2) the Sentencing Guidelines are an unlawful bill of attainder and an *ex post facto* law; (3) the 1987 conviction was too old to be counted under the Sentencing Guidelines; and (4) the Court erred by re-opening Jones's prior state court convictions when those convictions were used to enhance his federal sentence, contrary to 28 U.S.C. §§ 1257 and 1738. (ECF No. 106 at 9-10).

The Supreme Court has long held that the Sixth Amendment to the United States Constitution provides each criminal defendant with "the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While assistance "which is ineffective in preserving fairness does not meet the constitutional mandate ... defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2001) (citing *Strickland,* 466 U.S. at 685-86).

In *Strickland*, the Supreme Court adopted a two-prong test for determining whether a criminal defendant received ineffective assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 687-91. "[J]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Counsel's performance must be assessed with "a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Wiggins v. Smith,* 539 U.S. 510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In evaluating whether counsel's performance was deficient, "[i]t is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland,* 466 U.S. at 685-86. Hence, "court[s] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal markings omitted). "The question [under *Strickland*] is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

Similarly, in evaluating whether the defendant has shown actual prejudice from any such deficient performance, a defendant "must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Richter*, 562 U.S. at 104). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To begin, Jones asserts that his counsel was ineffective in failing to challenge various aspects of the United States' and the Court's adherence to 21 U.S.C. § 851. Jones again suggests that the United States never filed an information under § 851; however, that suggestion is clearly incorrect. (ECF No. 62). Given that a claim by counsel that the United States neglected to file an information pursuant to § 851 prior to trial would have been frivolous, counsel was not ineffective in refraining from raising the issue. *See Green v. Ballard*, No. 3:02-1348, 2015 WL 1612198, at *30 (S.D.W.Va. Apr. 10, 2015) ("An attorney is not ineffective for abstaining from impractical objections.") (citing *Oken v. Corcoran*, 220 F.3d 259, 269–70 (4th Cir. 2000)); *Christian v. Ballard*, No. 3:05-cv-00879, 2013 WL 4068214, at *15 (S.D.W.Va. June 6, 2013) ("Counsel's failure to make a futile motion cannot be the basis of an ineffective assistance claim."). Jones also claims that the United States was not permitted to file an information under § 851 because the increase in punishment exceeded three years' imprisonment. While Jones is correct that the statute makes a distinction between increases in punishment below three years' imprisonment and above three years' imprisonment, he leaves out an important statutory caveat—the information may be filed to increase the punishment by more than three years' imprisonment if "the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." 21 U.S.C. § 851(a)(2). The indictment requirement contained in § 851(a)(2) applies to the *present* conviction, not the *predicate* conviction. *See United States v. Brown*, 191 F.3d 486, 486-87 (D.C. Cir. 1999) (collecting cases). In other words, "the indictment

requirement refers to the offense which is subject to an enhanced sentenced," not the prior convictions. *United States v. Odeneal*, 517 F.3d 406 (6th Cir. 2008). Here, Jones was afforded prosecution by indictment for the present conviction, (ECF No. 1), and thus, it would have been futile for counsel to argue that § 851(a)(2) barred any enhanced penalty. Jones additionally contends that counsel erred in failing to argue that § 851(e) divested the court of subject matter jurisdiction to impose an enhanced penalty for a conviction more than five years old. This argument would have been ill-advised—§ 851(e) says no such thing; rather, that subsection prevents the convicted person from challenging the validity of a prior conviction contained in a § 851 information if the conviction is more than five years old.

Next, Jones avers that his counsel acted unreasonably in failing to argue that the Sentencing Guidelines are an unlawful bill of attainder and *ex post facto* law. However, for the reasons discussed above, this argument would have surely been unsuccessful. Thus, counsel was not ineffective in refraining from raising a baseless argument.

In addition, Jones contends that his counsel was ineffective when he failed to challenge the use of the 1987 conviction in formulating Jones's criminal history score under the Sentencing Guidelines. However, Jones's counsel *did* raise that argument, both at the sentencing hearing and on appeal to the Fourth Circuit. (ECF No. 97 at 11-13); *Jones*, 469 F. App'x at 183. Both the District Court and the Fourth Circuit rejected the  argument, finding that Jones's 1987 felony drug offense conviction fell within the fifteen-year limit provided in the Guidelines. (ECF No. 97 at 14); *Jones*, 469 F. App'x at 183-84. Consequently, Jones's claim lacks substance.

Finally, Jones insists that his counsel should have argued at sentencing or on appeal that the Court erred by re-opening Jones's prior state court convictions when

those convictions were used to enhance his federal sentence, contrary to 28 U.S.C. §§ 1257 and 1738. For the reasons set forth above, there was no foundation for that argument. Thus, Jones's counsel acted reasonably in refraining from making an unsupportable argument, and instead, focusing on issues that possessed potential merit. *See Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success.").

In sum, Jones has not established that counsel's representation fell below an objective standard of reasonableness at trial or on appeal. Moreover, Jones has failed to show that there is a reasonable probability that, but for any alleged errors by counsel, the result of the any proceeding would have been different. Accordingly, the undersigned **FINDS** that Jones's ineffective assistance of trial and appellate counsel claims are without merit.

## IV.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion for Default Judgment, (ECF No. 118), be **DENIED**; Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 106), be **DENIED;** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall

have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: September 3, 2015

Cheryl A. Eifert
United States Magistrate Judge